**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian William Drake, | No. CV-23-08094-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Brian William Drake's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in support thereof. (Docs. 16, 16-1). The Commissioner of the Social Security Administration ("Commissioner") did not respond. The Court now rules.

**I.  BACKGROUND**

Plaintiff initially filed his application for social security disability benefits in July 2020. An ALJ issued an unfavorable decision in April 2022, which the SSA Appeals Council adopted as final in March 2023. (Doc. 9-3 at 17; Doc. 9-3 at 2). Plaintiff appealed to this Court. (Doc. 1). The parties stipulated to remand the action for further administrative proceedings and stipulated that Plaintiff be awarded $1,432.40 under the Equal Access to Justice Act ("EAJA"). (Doc. 11; Doc. 14). Pursuant to those stipulations, the Court: (1) reversed the Commissioner's decision and remanded for further proceedings, and (2) awarded Plaintiff's counsel $1,432.40 in EAJA fees. (Doc. 12; Doc. 16).

On remand, the ALJ issued a fully favorable decision, (Doc. 16-5 at 2), and the

Commissioner awarded Plaintiff $76,243 in retroactive benefits, (Doc. 16-6 at 6). The Commissioner withheld $9,200 from this total under 42 U.S.C. § 406(a) for counsel's representation of Plaintiff at the agency level, (Doc. 16-6 at 6), and counsel received payment in this amount, (Doc. 16-1 at 3).

The Commissioner did not withhold any funds from Plaintiff's past-due benefits under 42 U.S.C § 406(b) for counsel's representation of Plaintiff before this Court. Plaintiff's counsel now seeks 25% of Plaintiff's past-due benefits—$19,060.75—pursuant to § 406(b).

## II.   LEGAL STANDARD

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. "Because the [Commissioner] has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also consider the number of hours spent representing the claimant and the attorney's normal hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the

attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

### III. DISCUSSION

Plaintiff contractually agreed to pay counsel 25% of his past-due benefits. (Doc. 16-2 at 2). Plaintiff's counsel now seeks $19,060.75, or 25%, of Plaintiff's $76,243 retroactive award. (Doc. 16). Counsel alleges that she "devoted significant time and careful attention" to Plaintiff's case, including the "negotiat[ion] [of] a stipulated remand." (Doc. 16-1 at 9). The "significant time" counsel expended on Plaintiff's case before this Court amounted to 5.9 hours. (Doc. 16-7 at 2–3). Plaintiff's counsel requests an hourly rate of $3,230.64 per hour ($19,060.75/5.9 hours). If awarded the requested attorney fees under § 406(b), Plaintiff's counsel will reimburse Plaintiff the $1,432.40 EAJA fee award. Plaintiff's counsel thus seeks net attorney fees in the amount of $17,628.35, or $2,987.86 per hour. Based upon these figures, the requested net § 406(b) attorney fees represent approximately 23% of Plaintiff's past-due benefits.

Although Plaintiff agreed to pay counsel 25% of any past-due benefits he received, this Court must still consider the *Gisbrecht* factors to determine whether the fee yielded from that agreement is reasonable. *Gisbrecht*, 535 U.S. at 807. On this record, it does not appear that counsel delayed Plaintiff's case or provided substandard representation.[1] *Crawford*, 586 F.3d at 1151. However, courts must also consider whether granting an attorney's requested fee will result in a windfall. If the requested "benefits are large in comparison to the amount of time counsel spent on the case," then a reviewing court should reduce counsel's recovery. *See Gisbrecht*, 535 U.S. at 808.

Counsel claims that the "requested fee is not a windfall" and should not be reduced because "the fee is not large in comparison to the amount of time counsel spent on the case." (Doc. 16-1 at 9). The Court disagrees.

Counsel does not cite to, and the Court's independent research did not reveal, any

---

[1] Notably, counsel's "representation" of Plaintiff before this Court was extremely limited. Plaintiff merely filed a 2-page form complaint (Doc. 1), and later stipulated to remand the case for further proceedings, (Doc. 11), before counsel had even begun drafting the opening brief.

- 3 -

1  case in this Circuit approving an effective hourly rate equal to, exceeding, or even
2  *approaching* the $2,987.86 hourly rate requested here. Indeed, courts in this Circuit have
3  deemed lower hourly rates unreasonable and reduced the attorney fee awards requested in
4  those cases. *See Biggerstaff v. Saul*, No. CV 15-853 JC, 2019 WL 4138015, at *3 (C.D.
5  Cal. July 5, 2019) (finding that a $2,747.25 hourly rate for 18.2 hours of counsel's time (a
6  $2,136.75 hourly rate for combined counsel and paralegal time) was unreasonable and
7  reducing the hourly rate to $1,400), *aff'd*, 840 F. App'x 69 (9th Cir. 2020); *Douglas K. T.*
8  *v. Kijakazi*, No. ED-CV-18-1702-E, 2022 WL 18231787, at *3–5 (C.D. Cal. Nov. 28,
9  2022) (finding that a $2,839.50 hourly rate for 11.75 hours of counsel's time was
10 unreasonable and reducing the hourly rate to $1,500); *Linda S. F. v. O'Malley*, No. 5:20-
11 CV-01342-JC, 2024 WL 4472356, at *3–4 (C.D. Cal. Feb. 29, 2024) (finding that a
12 $2,578.89 hourly rate for 17.5 hours of counsel's time was unreasonable and reducing the
13 hourly rate to $2,000); *Guadalupe R. v. O'Malley*, No. 8:22-CV-00799-JC, 2024 WL
14 5275053, at *3–4 (C.D. Cal. Oct. 7, 2024) (finding that a $2,981.42 hourly rate for 10.5
15 hours of counsel's time was unreasonable and reducing the hourly rate to $2,100).

16       Counsel asserts that the requested fee is reasonable because it "reflects the
17 contingent and risky nature of recovery." (Doc. 16-1 at 7). She further alleges Plaintiff's
18 case "had a substantial risk of loss" and "involved difficult issues." (Doc. 16-1 at 8). But
19 counsel does not elaborate on any factors that make this specific case a particularly risky
20 one, compared to the general risk that always adheres to representation on a contingency
21 basis, and the Court cannot independently perceive any. And there is no indication that the
22 issues of Plaintiff's case were particularly complex—indeed, the record does not indicate
23 *what* the issues even were because the parties stipulated to remand the case for further
24 proceedings before counsel submitted the opening brief. The itemization of counsel's
25 services shows that the bulk of her time was devoted to "receiv[ing] and review[ing]" this
26 Court's Orders and emails, and emails from Commissioner's attorney. (Doc. 16-7).

27       Because the requested fee award is extremely large relative to the mere 5.9 hours
28 that counsel devoted to this appeal—and counsel fails to adequately explain this notable

disparity—the Court finds that counsel has not met her "burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148. Accordingly, a downward adjustment of the fee award is in order. *Gisbrecht*, 535 U.S. at 808.

*Gisbrecht* does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an adjustment is in order, and leaves this matter to the court's broad discretion. *See id.* ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.").

Counsel has not provided the Court with her actual, non-contingent hourly rate. Instead, she attached an appendix of regional standard hourly billing rates "as of January 1, 2006." (Doc. 16-8). Citing this "rate study"—now almost 20 years out of date—counsel states that "an attorney with her [25 years of] experience earns $250.00 per hour on a non-contingent basis in the relevant local marketplace for legal services." (Doc. 16-1 at 10); *see also Solomon v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00306-PHX-DWL, 2021 WL 4355635, at *5 (D. Ariz. Sept. 24, 2021) (quoting *Kellogg v. Astrue*, 2013 WL 5236638, at *2 (D. Ariz. 2013) ("'[T]he prevailing non-contingent rate in the Phoenix market is $250.00 per hour,' and courts in the District of Arizona have reduced § 406(b) fee awards to an amount approximately three times higher than this rate, a de facto rate of $750 or thereabout.").

The Court, acknowledging the inherent risk of loss that attaches to contingent-based representation and balancing this risk with the extraordinarily limited amount of time counsel devoted to Plaintiff's case before this Court, concludes that an award of $5,015 (de facto hourly rate of $850) is appropriate. Because Plaintiff's counsel "must refund to the claimant the amount of the smaller fee [between the attorney fees payable under both the EAJA and § 406(b)]," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $1,432.40 EAJA award to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this Order.

### IV. CONCLUSION

**Accordingly,**

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 16) is **granted in part and denied in part**. Fees under § 406(b) are awarded in the amount of only $5,015.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $1,432.40.

Dated this 9th day of February, 2026.

James A. Teilborg
Senior United States District Judge